IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Agostina Perticari, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:20-cv-3493-BHH |
| v. ) | |
| ) | |
| Roper St. Francis Healthcare ) | |
| and Josh Mead, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12117, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 19, 2021, Plaintiff's counsel filed a motion to withdraw as counsel based on numerous unsuccessful attempts to contact Plaintiff, and the Magistrate Judge granted counsel's motion on June 8, 2021. The Magistrate Judge specifically advised Plaintiff to notify the Court of her intention to proceed with this action within 30 days and advised her that the case may be dismissed in accordance with Rule 41 of the Federal Rules of Civil Procedure if she failed to comply with the order.

The June 8 order was returned to the Court as undeliverable, and on June 23, 2021, the Clerk re-mailed the order to a Florida forwarding address listed on the returned envelope. However, the Court never received any response from Plaintiff. Based on the foregoing, the Magistrate Judge issued a report and recommendation ("Report") outlining

the issues and recommending that the Court dismiss this action in accordance with Rule 41 of the Federal Rules of Civil Procedure for lack of prosecution. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. The Magistrate Judge's Report was returned as undeliverable on August 4, 2021, and to date, Plaintiff has not filed anything to indicate that she wishes to proceed with this action.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, in the absence of objections, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's findings and analysis. Accordingly, **the Court adopts the Magistrate Judge's Report (ECF No. 30) and incorporates it herein, and the Court dismisses this action for lack of**

prosecution in accordance with *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982), and Rule 41(b) of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

                        /s/Bruce H. Hendricks
                        United States District Judge

August 18, 2021
Charleston, South Carolina